Case 2:21-cv-00456-MWF-MRW Document 1 Filed 01/15/21 Page 1 of 8 Page ID #:5
Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2020 11:23 AM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo,Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

Whitney D. Ackerman Esq. (SBN 284340)
**THE LAW OFFICE OF WHITNEY D. ACKERMAN**
17326 Tiara St, Encino CA 91316
T: (818) 426 - 9591
F: (866) 610 - 6540
Wackerma@gmail.com

Attorney for Plaintiff,
*SCHWAB-TROY*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| **LISA SCHWAB-TROY**, <br><br>Plaintiff, <br><br>vs. <br><br>**MEDICREDIT, INC.;** DOES 1-10 Inclusive, <br><br>Defendant. | Case No. 20STCV48095 <br><br>**COMPLAINT** <br>**(UNLIMITED)** <br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*; <br>2. Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; <br>3. Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227; and <br>4. Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. <br><br>**JURY TRIAL REQUESTED** |

COMES NOW, LISA SCHWAB-TROY, by and through his attorney of record, alleges as follows:

## I. INTRODUCTION

**1.** Plaintiff LISA SCHWAB-TROY (hereinafter, "Plaintiff") brings this action against Defendant MEDICREDIT, INC. (hereinafter, "Defendant") for its breach of their duty to respect Plaintiff's consumer and debtor rights to be free of unscrupulous and unfair debt collection practices, to wit, Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of alleged debts.

2. Additionally, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA").

## II.    PARTIES

3. Plaintiff, LISA SCHWAB-TROY ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "debtor" and a "consumer" as the terms are defined by the RFDCPA, Cal. Civ. Code §1788.2(h) and the FDCPA, 15 U.S.C. § 1692a(3), respectively. Also, Plaintiff is a "person" as defined by Cal. Pen. Code § 632(b). Furthermore, Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

4. At all relevant times herein, Defendant MEDICREDIT, INC. (hereinafter, "Defendant"), Defendant was a company engaged, by use of the mails and telephones, as well as through other means, in the business of collecting a debt which qualifies as "consumer debt" and "debt" as the terms are defined under Section 1788.2(f) of the RFDCPA and Section 1692a(5) of the FDCPA, respectively, on behalf of themselves as well as on behalf of a third party original creditor, and is therefore a "debt collector" as the term is defined under Section 1788.2(c) of the RFDCPA and Section 1692a(6) of the FDCPA. Defendant is also a "person" as the term is defined under 47 U.S.C. § 153(39)

5. Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

**8.** On one or more occasions prior to the filing of the instant Complaint and within one year thereof, Defendant contacted Plaintiff in connection with collection on an alleged medical debt.

**9.** Within the last year, Plaintiff began receiving telephone calls from Defendant to her cellular telephone ending in -7517.

**10.** Defendant's calls were made in connection with collection on an alleged medical debt.

**11.** Defendant has called Plaintiff excessively in connection with collection on an alleged debt.

**12.** The voicemail's stated that "We are calling from MediCredit on behalf of Los Robles…"

**13.** These calls were made in connection with the collection of an alleged debt.

**14.** Defendant did not have consent to contact Plaintiff using pre-recorded messages of any kind.

**15.** Defendant has also failed to produce the requested contract and in doing so has failed to prove any of the alleged, disputed debt belongs to Plaintiff, yet continues to attempt to collect despite not having a valid and enforceable agreement.

**16.** Given the lopsided balance of bargaining power between consumers such as Plaintiff and powerful and financially robust debt collectors such as Defendant, Defendant knew or should have known that its conduct as herein described was reasonably calculated, and likely, to result in Plaintiff being confused, harassed, anxious, and without a reasonable means of responding to Defendant's debt collection efforts without the assistance of counsel.

**17.** Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the alleged and disputed debt allegedly due.

**18.** Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

**19.** Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

**20.** RFDCPA, Cal. Civ. Code § 1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b through 1692j of the FDCPA, inclusive of, and shall be subject to the remedies of Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §§ 1692d & 1692d(5).

**21.** Defendant's conduct violated the FDCPA and the RFDCPA, including but without limitation to, the following ways:

    a. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

    b. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

    c. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1));

    d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person (15 U.S.C. § 1692d);

    e. Caused the phone to ring or engaged any person in telephone conversations repeatedly (15 U.S.C. § 1692d(5));

    f. Using unfair or unconscionable means in connection with an attempt to collect an alleged debt (15 U.S.C. § 1692f).

    g. Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law (15 U.S.C. § 1692 f(1).

**22.** Defendant's conduct was the substantial factor as well as the actual and proximate cause, in causing the damages to Plaintiff as stated above.

**23.** As a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, general, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief permitted by law and which this Court deems due and proper.

**24.** Defendant's conduct was so loathsome and base as to be despicable and intentional, and done specifically with malice and oppression. Defendants knew that they were attempting to collect on a debt that they had no underlying contract for, yet, even after notice of said, still refused to respond to Plaintiff's demands for validation or to cease collection attempts. Defendant's conduct not only shows malice and utter contempt for Plaintiff herself, but for the laws that are fundamental to society and consumers in general, that no reasonable person should have to tolerate it.

**25.**   Despite having ample time and resources to prevent the conduct of which Plaintiff herein complains, Defendant still violated and continue to openly violate her rights as herein alleged.

**26.**   As a result of Defendant's actions, Plaintiff has retained counsel.

**27.**   Plaintiff relied on these representations by obtaining counsel and purchasing additional credit monitoring services in addition to time expended.

**28.**   Plaintiff reaped no benefit whatsoever from Defendant's conduct and received nothing from Defendant.

**29.**   As a result of Defendant's conduct as described herein, Plaintiff has suffered economic, statutory, general, and emotional harm, and Plaintiff here and now seeks recompense from Defendant's for its strict liability violations of the RFDCPA, FDCPA, and TCPA. Plaintiff seeks to enjoin Defendant's conduct as well as any and all remedies available at law and any and all other remedies that the Court deems due, proper, and owing.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code § 1788, *Et Seq.*

**30.**   Plaintiff re-alleges and incorporates by reference each allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

**31.**   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**32.**   Defendant's conduct was so loathsome and base as to be despicable and intentional conduct specifically done with malice and oppression. Defendants knew that they were attempting to collect on a debt that they had no underlying contract for, yet, even after notice of said, still refused to so much as respond to Plaintiffs demands. Defendant's conduct not only shows malic and utter contempt for Plaintiff herself, but for the laws that are fundamental to society and consumers in general, that no reasonable person should have to tolerate it.

**33.**   Defendants are therefore liable to Plaintiff for their violations of the RFDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    a. Actual damages;
    b. General damages;

   c. Statutory damages for all violations as well as for willful and negligent violations;
   d. Exemplary and punitive damages as determined by the Court or Finder of Fact;
   e. Costs and reasonable attorney's fees; and
   f. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *Et Seq.*

**34.** Plaintiff re-alleges and incorporates by reference each allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

**35.** To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully. Defendant's conduct was so loathsome and base as to be despicable and intentional conduct specifically done with malice and oppression. Defendants knew that they were attempting to collect on a debt that they had no underlying contract for, yet, even after notice of said, still refused to respond to Plaintiffs demands. Defendant's conduct not only shows malic and utter contempt for Plaintiff herself, but for the laws that are fundamental to society and consumers in general, that no reasonable person should have to tolerate it.

**36.** Defendant is therefore liable to Plaintiff for its numerous and egregious violations of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

   a. Actual damages;
   b. General damages;
   c. Statutory damages for all violations as well as for willful and negligent violations;
   d. Exemplary and punitive damages as determined by the Court or Finder of Fact;
   e. Costs
   f. Reasonable attorney's fees; and
   g. For such other and further relief as may be just and proper.

## COUNT III: NEGLIGENT VIOLATION OF
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, et seq.

**37.** Plaintiff re-alleges and incorporates by reference each allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

**38.** The foregoing acts and omissions of Defendant constitute negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*.

**39.** As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

**40.** Defendant owed a duty to Plaintiff according to law.

**41.** Defendant, on several occasions breached the duties prescribed by law.

**42.** As a result, Defendant was the substantial factor as well as the actual and proximate cause for the damages done to Plaintiff in this matter.

**43.** Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

   a. Plaintiff seeks an ORDER of temporary injunctive relief whereby Defendant be enjoined from using an Automated Telephone Dialing System or a Pre-recorded Voice Message as the terms are defined under the TCPA pending resolution of this action;
   b. Actual damages;
   c. General damages
   d. Statutory damages for all violations as well as for willful and negligent violations;
   e. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.,* Plaintiff is entitled to and request $500 in statutory damages, for every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;
   f. For equitable relief enjoining Defendant from future violations;
   g. Costs; and
   h. For such other and further relief as may be just and proper.

### COUNT IV: INTENTIONAL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, et al.

**44.** Plaintiff re-alleges and incorporates by reference each allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

**45.** The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*.

**46.** As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

**47.** Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a. Plaintiff seeks an ORDER of temporary injunctive relief whereby Defendant is enjoined from using an Automated Telephone Dialing System or a Pre-recorded Voice Message as the terms are defined under the TCPA pending resolution of this action;
b. Actual damages;
c. General Damages;
d. Statutory damages for all violations as well as for willful and negligent violations;
e. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*;
f. Treble damages pursuant to Cal. Civ. Code Section 3345.
g. For equitable relief enjoining Defendant from future violations;
h. Costs; and
i. For such further relief as this Court deems necessary, just, and proper.

## IV.   JURY

**48.** Plaintiff reserves her right under Section 16 of Article 1 of the Constitution of the State of California to a trial by jury and hereby demands a trial by jury on all issues so triable.

Date: December 16, 2020         **THE LAW OFFICE OF WHITNEY D. ACKERMAN**

By:   /s/Whitney D. Ackerman, Esq.
      Whitney D. Ackerman, Esq.
      Attorney for Plaintiff
      LISA SCHWAB-TROY